(12 Misc. Rep. 201.)

### SEARL v. AMERICAN TOBACCO CO.

(City Court of New York, General Term. April 9, 1895.)

MASTER AND SERVANT—ACTION FOR WAGES—EXTRA WORK.
> In an action for services rendered, the complaint alleged that plaintiff was employed by defendant in a certain capacity; that during such employment he "was requested by the defendant to do certain extra work in addition to that for which by the terms of the contract he was regularly employed." *Held,* that a demurrer to the complaint admitted the request to do "extra work," and therefore did not raise an issue as to whether such work was embraced in and compensated by the original employment.

Appeal from special term.

Action by Richard Searl against the American Tobacco Company. From an interlocutory judgment overruling a demurrer to the first cause of action alleged in the complaint, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

C. G. Bullard, for appellant.

Stiefel & Lauer for respondent.

EHRLICH, C. J. The complaint alleges an employment of the plaintiff by the defendant as assistant bookkeeper, "his duties to consist of checking bills and orders, making entries from the sales book into the journal, taking off a trial balance, and doing a general office work as an assistant bookkeeper"; that thereafter, and about February 1, 1894, while plaintiff was employed by defendant, and was attending to his duties as assistant bookkeeper, "he was requested by defendant to do certain extra work in addition to that for which, by the terms of the contract above mentioned, he was regularly employed." The value of this extra work is alleged to be $280. The defendant demurs to the count for extra work upon the ground that the implication is that it was embraced in and compensated by the original employment. The argument of the defendant is a very plausible one, and is apparently sustained by many authorities. But the difficulty is that the allegation of the complaint that the plaintiff "was requested by the defendant to do certain extra work in addition to that for which by the terms of the contract he was regularly employed" is admitted by the demurrer. It was quite competent for the defendant to make a contract for extra work, and, for all that appears to the contrary, the parties in this case did make an express contract to that effect. If such be the case, the implications which the defendant invoked are of no moment. We think that instead of demurring, thereby admitting that the plaintiff had been requested by the defendant to do certain "extra work," defendant should have denied that fact, thus creating an issue; and if, upon the trial, it appeared, as it perhaps might, that there was no such contract for extra work, then appellant's authorities might have great weight, because applicable to the state of facts adduced. For these reasons we think the demurrer was properly overruled. The interlocutory judgment must therefore be affirmed, with costs.